UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Feliciano Ramos Rosales,

           Petitioner

v.

Todd Blanche, et al.,

           Respondents

Case No. 2:26-cv-01329-CDS-EJY

**Service and
Appointment Order**

[ECF No. 1-1]

Petitioner Feliciano Ramos Rosales, an immigration detainee who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1-1. Because of the limited allegations set forth in the petition, I cannot determine under what statutory authority the petitioner is detained or what constitutional claims he may have, so I defer ruling on the petition.[1] However, I find that the appointment of counsel is in the interests of justice, given the potential complexities of this case and to allow counsel to file an amended petition if warranted.[2] I also direct that the petition be served on the United States Attorney's Office for the District of Nevada (USAO).

It is therefore ordered that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner and is directed to file a notice of appearance (or indicate its inability to represent the petitioner) by May 15, 2026. If the FPD is unable to represent the petitioner, alternate counsel will be appointed. Appointed counsel will represent the petitioner in

---

[1] The court notes that petitioner seeks to enforce his rights as a member of the class action in *Jacobo-Ramirez v. Mullin*, case no. 2:25-cv-02136-RFB-MDC. This case has been pre-screened, and it does not appear to qualify for inclusion in that class action at this time. So this case will not be reassigned.

[2] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases.

all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it (1) will then have 14 days to file either an amended petition or a motion to dismiss the petition, (2) must effectuate service of the amended petition, if one is filed, on the respondents, and (3) must file a motion for leave to proceed *in forma pauperis* on the petitioner's behalf.

It is further kindly ordered that the Clerk of Court:

1.  <u>FILE</u> the petition (ECF No. 1-1). The petition (ECF No. 1-1) is deferred.

2.  <u>ADD</u> the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The USAO is not required to file a response to the petition at this time.[3]

3.  <u>SEND</u> a copy of the petition (ECF No. 1-1) and this order to the Federal Public Defender at ecf_nvchu@fd.org, the petitioner, and the CJA Coordinator for this division.

4.  <u>MAIL</u> a copy of the petition (ECF No. 1-1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Todd Blanche, 950 Pennsylvania Avenue NW, Washington, DC, 20530; Markwayne Mullin, Secretary, United States Department of Homeland Security, 245 Murray Lane SW, Washington, DC 20528; Todd Lyons, Acting Director for U.S. Immigration and Customs Enforcement, 500 12th Street, SW, Washington, DC 20536; Michael Bernacke, Salt Lake City ICE Field Office Director, 2975 Decker Lake Drive Suite 100, West Valley City, UT 84119-6096; Kerri Ann Quihuis, Field Office Director, 501 South Las Vegas Blvd., Suite 1000, Las Vegas, NV 89101; and John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

---

[3] If an amended petition is filed, a response is due within fourteen days of service of the petition. Any reply is due five days after the response is filed.

5. **SEND** a courtesy copy of the petition (ECF No. 1-1) and this order to Ashley Hesman (Matto's attorney) at ahesman@strucklove.com.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to such extensions whenever possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that the respondent must not transfer the petitioner out of this District, with the exception of effectuating the petitioner's lawful deportation,[4] until further order of the court. In the event of lawful deportation, respondent's counsel must file a notice with the court within five days of removal.

Dated: May 7, 2026

_____
Cristina D. Silva
United States District Judge

---

[4] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").